# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRUCE MARJENHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-252-JMS-TAB |
| | ) | |
| DENNIS PARSLEY, Chief of Police Bedford, Indiana, | ) ) | |
| | ) | |
| Defendant. | ) | |

## Entry Discussing Selected Matters

### I.

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003). This appears to be an appropriate cause in which to use authority.

### II.

The plaintiff has filed an action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking records from the Bloomington, Indiana Police Department ("BPD"). The sole defendant in the action is BPD Chief Parsley.

The central purpose of the FOIA is to "ensure an informed citizenry . . . [which is] needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978). Under the statute, "any member of the public is entitled to have access to any record maintained by a federal agency, unless that record is exempt from disclosure under one of the Act's nine exemptions." *A. Michael's Piano, Inc. v. FTC,* 18 F.3d 138, 143 (2d Cir. 1994).

The FOIA confers jurisdiction on the district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B); *see U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989). By its own terms, "agency" under FOIA means "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1). "[I]t is beyond question that FOIA applies only to federal and not to state agencies." *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 484 (2d Cir. 1999) (citing *Harshbarger, Philip Morris, Inc. v. Harshbarger,* 122 F.3d 58, 83 (1st Cir. 1997); *see also St. Michael's Convalescent Hosp. v. State of California,* 643 F.2d 1369, 1373 (9th Cir. 1981)(definition of "agency" under FOIA "does not encompass state agencies or bodies").

**III.**

In light of the circumstances recited in Part II of this Entry, the plaintiff shall have **through June 7, 2012**, in which to **supplement** his complaint by setting forth a basis for the exercise of jurisdiction over his claim.

**IV.**

The plaintiff's motion requesting the court's assistance in serving process [6] is **denied** without prejudice because in the particular circumstances outlined above there is no reason at present to issue or serve process on the defendant. If a plausible claim for relief is stated, however, the court will reconsider this ruling on its own motion and in doing so would direct that the action proceed.

**V.**

To facilitate the plaintiff's ability to respond to the directions in Part III of this Entry, a copy of the complaint and a copy of the docket sheet shall be included with the plaintiff's copy of this Entry.

**IT IS SO ORDERED.**

Date: 05/14/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

BRUCE MARJENHOFF
16 Geer Road
Sandia Park, NM 87047